JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-CV-05130-RGK (PLAx) | Date | September 30, 2021 |
|---|---|---|---|
| Title | ***WILLIAM NEGRETE v. HYDRO EXTRUSION USA, LLC, et al*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (not present) | | Not Reported |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Remanding Action to State Court

On April 12, 2021, William Negrete ("Plaintiff") filed a complaint against Hydro Extrusion USA, LLC ("Defendant") alleging common law and state statutory claims based on disability discrimination in the workplace.

On June 24, 2021, Defendant removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54 (2014).

In his complaint, Plaintiff seeks damages for past and future economic and non-economic damages, injunctive and declaratory relief, punitive damages, and attorneys' fees. In support of its removal, Defendant calculates that based on Plaintiff's monthly pay, his economic damages, alone, is $107,996.00. Defendant then states that including all other requested damages, the amount in controversy exceeds the jurisdictional minimum.

In his Notice of Removal, Defendant fails to plausibly allege that the amount in controversy exceeds $75,000. Defendant's calculation of economic damages includes overly speculative assumptions that render its allegation implausible. With respect to non-economic damages, which are inherently fact-specific, Defendant merely points to other court awards, without explaining why these

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-CV-05130-RGK (PLAx) | Date | September 30, 2021 |
|---|---|---|---|
| Title | *WILLIAM NEGRETE v. HYDRO EXTRUSION USA, LLC, et al* | | |

cases are analogous. Moreover, Defendant's inclusion of attorneys' fees and punitive damages are similarly speculative.

Accordingly, the Court is not satisfied that Defendant has satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

:

Initials of Preparer